UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR - 3 2025
ARTHUR JOHNSTON
BY _____ DEPUTY

Rodolfo Rivera Herrera       )
   Petitioner,              )
                             )   Case No. 3:25-cv-229-HTW-LGI
vs.                          )
                             )
UNITED STATES of AMERICA     )
   (Warden Childress)       )
   Respondent,              )

WRIT OF HABEAS CORPUS
Pursuant to 28 U.S.C.§2241(c)(3)

    Comes now, petitioner Rodolfo Rivera Herrera in Pro-Se Forma, respectfully requests that the Court reduce his sentence pursuant to 28 U.S.C. §2241(C)(3).

    Petitioner is a layman of the Law and prays that this motion be liberally construed and held to a standard "less stringent than those drafted by attorney's", Haines v. Kerner, 404 U.S. 519,520 (SCOTUS 1972); See also Ayala Serrano v. Gonzalez, 909 F. 2d8, 15 (1st Cir 1991).

According to rule 56(a) of the Federal Rule of Civil procedures, a movant may move for any claim if he shows that there is no general dispute as to material fact and that he is entitled to judgement as matter of law.

Background and Facts

- Petitioner is currently incarcerated at FCI Yazoo City Low II at Yazoo City, MS. 39194.

- Petitioner's Projected release date via the First Step Act

-1-

is 03-28-2025. He earned this via completing programs that are Evidence Based Recidivism Reducing (EBRR) and through Earned Time Credits his sentence was reduced by a year.

- Just a few days before his release, Unit Team Staff notified him that an Administrative Removal Order had been lodged against him.

- His release date was pushed back a year to 03-28-2026 thereby detaining him unconstitutionally for a year past his release date by a violation of the FSA.

- Petitioner started for remedies and now file a 2241 motion for Habeas Corpus for being imprisoned illegally.

## I. RE-APPLY TIME CREDITS WHICH WERE EARNED

Petitioner requests that this Court retroactively credit petitioner with 365 days worth of Earned Time Credits for programming in which he participated and completed and was deemed "Eligible" for corresponding Time Credits (ETC's) under the First Step Act 18 U.S.C. §3632 and were taken away when later after completing programs and receiving Earned Time Credits all of the sudden an Administrative Order of Removal was Supposedly lodged on him. Only a <u>Final</u> <u>Order</u> of <u>Deportation</u> <u>signed</u> by a <u>Judge</u> <u>is</u> <u>valid</u> <u>to</u> <u>take</u> <u>away</u> <u>ETC's</u> per FSA policy.

Petitioner files a Writ of Habeas Corpus pursuant 28 U.S.C. §2241 (C)(3) to secure release from illegal custody, <u>Peiser v. Rodriguez</u>, 411 U.S., 475, 484 93 S. CT 1827 36 L. Fd 2d 439 (1973); see also McIntosh vs. US Parole Comm'n 115 F3d. 809 811 (10th Cir 1997).

Habeas Corpus relief is warranted only when petitioner is in custody in Violation of the Constitution or laws or treaties of

of the United States 28 U.S.C. §2241(C)(3).

Petitioner's case is not affected by the exclusions of FSA policy 18 U.S.C. §3632(d)(4)(d)(E) that precludes prisoners "With a Final Order of Deportation from applying their hard worked FSA ETC's". Nevertheless petitioner did not have a Final Order of Deportation, was deemed Eligible, received Earned Time Credits, programmed for almost 2 years successfully earning him 365 days off from his sentence.

The clear explanation for this is 18 U.S.C. §3632(d)(4)(d)(E) speaks of precluding inmate who have a <u>Final Order of Deportation</u> lodged on them from getting ETC's applied.

The B.O.P. if you are from a certain nationality (most often from Mexico) applies Administrative Orders of Removal to people as how they did to petitioner, that is just not valid to preclude petitioner from his earned time credits.

- FINAL ORDER OF DEPORTATION Signed by Judge <u>YES</u> legal it precludes from receiving ETC's.

- Administrative Order of Removal lodged by F.B.O.P. or ICE agents <u>NO</u> Illegal and it's not FSA policy.

## DISCUSSION

A Final Order of Deportation 8 C.F.R. §1241.31 prescribes that "[e]xcept as otherwise required by Section 242(c) of the Act the specific purposes of that section an order of deportation from including an alternate order of deportation coupled with an order of voluntary departure, made by the Immigration Judge in proceeding under 8 C.F.R. part 1240 shall become Final upon dismissal of an appeal by the Board of Immigration Appeals, or upon expiration of the alotted time for an appeal, upon waibver of appeal or upon waiver of appeal, or upon expiration of the time allotted for an

appeal when no appeal is taken; or if such an order is issued by the Board of approved by the Board upon certification, it shall be Final as of the date of the Boards decision".

In other words a Final Order of appeal is an order that is UNAPPEALABLE. In petitioner's case NO judge has ordered petitioner to be deported or removal ICE is simply the agency which lodged the detainer action against petitioner for a "possible" deportation and "ADMINISTRATIVE" order of removal that NO Judge signed. In any event petitioner can still present a cause for appeal to remain in the United States.

## REMEDIES

There is an Anti-immigrant atmosphere in the country right now but at Yazoo City Low II it has been that way for a long time. It is extremely difficult to get remedies started at Yazoo, Unit MANAGEMENT hardly does anything for citizens but for non-citizens is practicly impossible. When you request a BP-8 from them, if you get it and it is filed by the time is time to go BP-9 the Warden will answer you that you didn't file a BP-8 (specially when you are writing up Unit Team). Petitioner started remedies but because timing and extreme difficulty petitioner renders these remedies futile being that he is not a citizen and does not speak engligh and chooses to start §2241 for relief.

Exhaustion of remedies is not always a jurisdictional requirement in 2241 matters and thus prudential exhaustion may be waived. If administrative remedies are inadequate or not efficatious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void. See Aron v La Manna, 4 Fed Appx 232, 233 (6th Cir 1982) ("A long line of Supreme Court cases recognizes the rule that a party need not exhaust administrative remedies are inadequate or

-4-

cannot provide the relief request"). <u>McKart v. US</u>, 395 U.S. 185, 200, 23 L Ed 2d 194, 89 S Ct. 1657 (1969); <u>Patsy v Florida International University</u>, 457 US 496, 73 L Ed 2d 172, 102 S Ct 2557, 50 U.S.C. W 4731 (1982)(collected cases).

## CONCLUSION

Based on the facts of the matter established here in petitioner, respectfully requests this Honorable Court to grant this motion, restore earned time credits and reduce sentence.

It is important to also note that after release, petitioner still needs to be transferred to an ICE facility to process his immigration proceedings properly and usually in normal procedure takes 30 to 90 days.

I declare the foregoing is true and correct to the best of my knowledge and belief and under penalty of perjury pursuant 18 U.S.C. §1746.

Respectfully Submitted
this **31st** day of **March** 2025,

_____
Rodolfo Rivera Herrera
Reg. No. 22157-111
FCI Yazoo City Low II
P.O. Box 5000
Yazoo City, MS. 39194